UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

PREFERRED RESIDENTIAL AND LARRY MALONE,

        Plaintiffs (Landlord or Agent),

v.

STEPHEN DICKENSON,

        Defendant (Tenants/Occupants).

6:14-cv-401-TC

ORDER

AIKEN, Chief Judge:

On February 24, 2014, plaintiffs filed a residential eviction complaint against defendant in the Circuit Court for the State of Oregon, County of Deschutes, seeking entitlement to possession of the subject property due to nonpayment of rent. On March 5, 2014, defendant filed an answer asserting that numerous issues such as promised maintenance and repairs had not been addressed. On March 11, 2014, defendant removed the case to this court asserting that plaintiff has actually filed a federal question action because plaintiff "intentionally fails to allege compliance with the Civil Rights Act of 1968 ... defendant rents property with multiple violations of said act." Defendant asserts that has wife is both physically and mentally handicapped and plaintiff "rented the property to defendant knowing this with promises to bring the property up to legal standards."

Page 1 - ORDER

Defendant seeks to proceed *in forma pauperis* (IFP). The court finds that defendant is unable to afford the costs of this action. Accordingly, this action may go forward without the payment of fees or costs. However, defendant's notice of removal is deficient, as explained below, and the deficiencies cannot be cured via amendment. Accordingly, the complaint is remanded to state court.

Defendant asserts federal question jurisdiction because resolution of federal issues are central to plaintiff's claim. Even assuming that defendant's complaints about a host of issues that he claims were not addressed by the plaintiff/landlord raise issues related to federal law such as the Americans with Disabilities Act, Federal jurisdiction must stem from an element pleaded in plaintiff's complaint. Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908); American Invs–Co Countryside v. Riverdale Bank, 596 F.2d 211 (7th Cir. 1979). Therefore, the court must look at the well-pleaded complaint to determine whether it supports federal subject matter jurisdiction. Countryside, 596 F.2d at 216 ("[F]ederal question must appear in plaintiff's well-pleaded complaint in order to make the case arise under federal law."). A federal court does not have jurisdiction of a case arising under federal law "if the federal issue will be raised only as a defense to the state law claim." Chuska Energy Co. v. Mobil Exploration & Producing, 854 F.2d 727, 730 (5th Cir.1988).

Here plaintiff seeks to evict defendant for nonpayment of rent. This is a strictly a matter of state law under Oregon landlord/Tenant law as there is no federal common law regarding such issues. See Powers v. United States Postal Service, 671 F.2d 1041, 1045 (7th Cir.1982) ("Federal common law of landlord and tenant does not exist."). Defendant purports to raise a federal question, but that is as a defense to the alleged past due rent. However, even the defense is grounded in state contract law as it allegedly derives from plaintiffs' contract to perform certain repairs and other maintenance obligations per an agreement made between the two parties. At best, defendant alleged

Page 2 - ORDER

damages stemming from plaintiffs' alleged breach of contract/and or violation of landlord obligations exacerbating plaintiff's wife's disabilities. This cannot serve as a basis for federal jurisdiction. Accordingly, on the court's own motion, the case is remanded to state court and this action is dismissed for lack of jurisdiction.

## CONCLUSION

For the reasons stated above, defendant's motion to proceed IFP (#1) is granted, but the complaint is remanded to state court and the action in this court is dismissed.

DATED this 17th day of March, 2014.

_____
Ann Aiken
United States District Judge